# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

DANIEL JOSEF MCDERMOTT,

                Plaintiff,

       v.

RON HAYES, *et al.*,

             Defendants.

Case No. 3:21-cv-00274-SLG-SAO

## SCREENING ORDER AND

## REPORT AND RECOMMENDATION REGARDING COMPLAINT

On December 23, 2021, Daniel Josef McDermott (hereinafter "Plaintiff"), a self-represented prisoner, filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983, along with a civil cover sheet, a *Prisoner's Application to Waive Prepayment of the Filing Fee*, a *Motion to Appoint Counsel*, Financial Affidavit CJA 23, and a letter to the U.S. District Court for the District of Alaska.[1] On January 11, 2022, Plaintiff filed a *Notice to the Court* requesting guidance on service, and a *Motion for Leave* requesting 30 days to file an amended complaint.[2]

On March 3, 2022, Plaintiff filed a *Motion to Accept Amended Complaint and Withdraw Request for Court Appointed Attorney, Amended Complaint, Civil Coversheet, Application to Waive Filing Fee, and Unissued Summons re All*

---

[1] Dockets 1–5, 7.
[2] Dockets 8 & 9.

*Defendants*.[3]  On March 8, 2022, the Court issued an Order resolving the motions at Dockets 3, 4, 8, 9, and 11, and accepting Plaintiff's First Amended Complaint at Docket 11-1.[4]  Subsequently, Plaintiff filed a *Motion Asking the Court to Serve Each Defendant A Summons* and a Letter to the Clerk of Court.[5]

The Court now screens Plaintiff's First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee.  In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[6]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[7]  In conducting its

---

[3] Docket 11.
[4] Docket 12.
[5] Dockets 13 & 14.
[6] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[8]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[10]

## DISCUSSION

As pleaded, Plaintiff has not sufficiently alleged facts that, if proven true, would state a claim on which relief may be granted.  42 U.S.C. § 1983 has specific statutory requirements that require a plaintiff's harm or injury to be caused by a state actor in violation of a federal constitutional or civil right.  Accordingly, the Court dismisses the First Amended Complaint, but grants leave to amend in accordance with the guidance of this order.

## I.   <u>Allegations</u>

In Claim 1, Plaintiff alleges that on December 17, 2020, Defendant Gilmour violated his Fifth and Fourteenth Amendment rights and committed libel, slander, and assault.[11]  Plaintiff alleges that Defendant Gilmour maliciously procured arrest

---

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[11] Docket 11-1 at 4.

warrants in state court criminal cases 3AN-20-09753CR and 3AN-20-10126CR,[12] and coerced the judge by providing insufficient facts to establish probable cause.[13] Plaintiff alleges Defendant Gilmour's affidavit used to obtain the arrest warrant in 3AN-20-09753CR: (1) mispresented him as being investigated for a violent crime; (2) mislead the judge to believe he was "identified as a suspect by a constitutionally acceptable identification procedure"; (3) maliciously attempted to obtain a search of his cell phone; (4) incorrectly stated Plaintiff's criminal history relating to thefts; and (5) incorrectly connects allegations of other of thefts to Plaintiff.[14] Plaintiff alleges that Defendant Gilmour added to his affidavit to improperly obtain search warrant 3AN-20-04826SW for a red Ford Focus.[15] Plaintiff further alleges Defendant Gilmour used the same "conclusory allegations, coercing the trial judge to grant a second arrest warrant" for state court criminal case 3AN-20-10126CR.[16] Additionally, Plaintiff alleges that the "unconstitutional identification" caused criminal charges to be filed in state court criminal case 3PA-20-02790CR.[17]

Plaintiff also alleges that upon execution of the arrest warrant, he was taken to the "Trooper post" and unconstitutionally interrogated.[18] Plaintiff further alleges Defendant Gilmour unconstitutionally searched Plaintiff's apartment after Plaintiff's

---

[12] Docket 11-1 at 6.
[13] Docket 11-1 at 4–5.
[14] Docket 11-1 at 4.
[15] Docket 11-1 at 5.
[16] Docket 11-1 at 5.
[17] Docket 11-1 at 6.
[18] Docket 11-1 at 5.

arrest.[19]  Lastly, Plaintiff alleges that Defendant Gilmour committed "libel, slander and assault" by asking Plaintiff's neighbor if Plaintiff had sold crab legs, showed the neighbor surveillance footage, and stated to the neighbor that Plaintiff was a suspect in shoplifting cases.[20]

In Claim 2, Plaintiff alleges that on December 18, 2020, Defendant Gilmour violated his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.  Plaintiff alleges that Defendant Gilmour aided and abetted in the illegal search and seizure of Plaintiff's cell phone, as described in *United States v. Sam*,[21] by taking the phone from Defendant's pocket, refusing to return it, and, subsequently, took measures to search the contents of the phone without a warrant.[22]  Plaintiff alleges Defendant Gilmour seized his hat, shoes, and wallet without a warrant.[23]  Plaintiff alleges Defendant Gilmour illegally searched Plaintiff's apartment by conducting the search after Plaintiff's arrest but without a search warrant.[24]  Finally, Plaintiff alleges Defendant Gilmour aided and abetted in the "pretextual impoundment," as described in *United States v. Woodard*,[25] of a red Ford Focus because the vehicle was on private property and the owner did not consent to the impoundment.[26]

---

[19] Docket 11-1 at 5.
[20] Docket 11-1 at 6.
[21] *United States v. Sam*, No. CR19-0115-JCC, 202 U.S. Dis. Lexis 87143, 2020 WL 2705415, at *1 (W.D. Wash. May 18, 2020).
[22] Docket 11-1 at 7.
[23] Docket 11-1 at 8.
[24] Docket 11-1 at 8.
[25] *United States v. Woodard*, 5 F.4th 1148 (10th Cir. 2021).
[26] Docket 11-1 at 9.

In Claim 3, Plaintiff alleges that on December 18, 2020, Defendant Gilmour violated his Sixth and Fourteenth Amendment rights.[27] Plaintiff alleges that Defendant Gilmour and other officers violated an arrest warrant issued in state case number 3AN-20-09753CR by bringing Plaintiff to the Trooper post instead of jail when the arrest warrant stated: "You are commanded to arrest the defendant and bring the defendant to the nearest judicial officer without any…"[28] Plaintiff further alleges Defendant Gilmour violated his right to counsel by interrogating him without an attorney present.[29]

In Claim 4, Plaintiff alleges that on December 18, 2020, Defendant Hayes violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searched and seizure.[30] Plaintiff alleges Defendant Ron Hayes illegally seized and searched Plaintiff's cellphone by prohibiting Plaintiff from using his phone without "intruding on the curtilage of my 'face time call.'"[31] Plaintiff alleges that Defendant Hayes colluded with Defendant Gilmour in the execution of the arrest warrant issued in state case number 3AN-20-09753CR.[32] Plaintiff alleges that Defendant Hayes violated the arrest warrant issued in state case number 3AN-20-09753CR by assisting in the transportation of Plaintiff to the Trooper post instead of jail.[33] Plaintiff alleges that Defendant Hayes assisted in the "pretextual impoundment"

---

[27] Docket 11-1 at 11.
[28] Docket 11-1 at 12.
[29] Docket 11-1 at 12.
[30] Docket 11-1 at 13.
[31] Docket 11-1 at 13.
[32] Docket 11-1 at 13.
[33] Docket 11-1 at 13.

and illegal search of the red Ford Focus.[34]  Plaintiff further alleges Defendant Hayes assisted in the seizure of Plaintiff's hat, shoes, and wallet.[35]  Plaintiff further alleges Defendant Hayes assisted in the search of Plaintiff's apartment without a warrant.[36]

In Claim 5, Plaintiff alleges that on December 18, 2020, Defendant Hayes committed libel, slander, and assault, by accusing Plaintiff as a suspect in alleged shoplifting offenses.[37]  Plaintiff alleges Defendant Hayes colluded with Defendant Gilmour to obtain the arrest warrant in state case number 3AN-20-09753CR.[38]  Plaintiff alleges Defendant Hayes and other officers did not conduct a constitutional identification procedure when accusing Plaintiff as a suspect.[39]

In Claim 6, Plaintiff alleges that on December 18, 2020, Defendant Hayes violated his Sixth and Fourteenth Amendment rights.[40]  Plaintiff alleges that Defendant Hayes "assisted in the unconstitutional act of transporting me to the Trooper post for an illegal interrogation, being that, the police are not permitted to interrogate a criminal defendant when a case number is assigned."[41]  Plaintiff further alleges Defendant Hayes colluded with Defendant Gilmour "to execute the

---

[34] Docket 11-1 at 13.
[35] Docket 11-1 at 13.
[36] Docket 11-1 at 13.
[37] Docket 11-1 at 16.
[38] Docket 11-1 at 16.
[39] Docket 11-1 at 16.
[40] Docket 11-1 at 17.
[41] Docket 11-1 at 17.

arrest warrant the very next morning, after the warrant was granted the end of the prior business day."[42]

In Claim 7, Plaintiff alleges that on or about December 15, 2020, through December 18, 2020, Defendant Helen Haverty committed libel, slander, and assault.[43] Plaintiff alleges that Defendant Haverty stalked his residence by performing routine checks of the location.[44] Plaintiff alleges that Defendant Haverty left voicemail messages with his landlords labeling him as a shoplifting suspect.[45] Plaintiff further alleges that Defendant Haverty "aided and [abetted] in the investigation" and did not perform "any kind of constitutional identification procedure that identified me as a confirmed suspect of alleged shoplifting offenses."[46]

In Claim 8, Plaintiff alleges on February 16, 2021, Defendant Hegg committed libel, slander, and assault. Plaintiff alleges that Defendant Hegg testified before a grand jury and accused him of being a suspect in shoplifting offenses that resulted in felony theft charges in *State of Alaska v. Daniel Josef McDermott*, 3PA-20-02790CR. Plaintiff alleges that Defendant Hegg misrepresented that he had identified Plaintiff as a suspect in shoplifting offenses occurring on December 8, 2020.[47] Plaintiff alleges that Defendant used

---

[42] Docket 11-1 at 17.
[43] Docket 11-1 at 18.
[44] Docket 11-1 at 18.
[45] Docket 11-1 at 18.
[46] Docket 11-1 at 18.
[47] Docket 11-1 at 19.

unconstitutional procedures for identifying Plaintiff as a suspect when Defendant Hegg reviewed surveillance footage and compared the person in the footage to a state "O[perator][ ]L[icense] photo."[48] Plaintiff alleges that the surveillance footage could not show the man because the individual in the footage was wearing a mask and had a hat on.[49] Plaintiff further claims that Defendant Hegg violated the Fourteenth Amendment by misrepresenting the dollar amount of the items stolen, which is a misrepresentation of physical evidence under *Miller v. Pate*.[50]

In Claim 9, Plaintiff alleges that on February 16, 2021, Defendant Simmers committed libel, slander, and assault by testifying before a grand jury. Plaintiff alleges that Defendant Simmers testified that Plaintiff was a suspect in alleged shoplifting incidents.[51] Plaintiff alleges that Defendant Simmers violated Plaintiff's rights by including in the complaint filed on December 12, 2020, for case number 3PA-20-02790CR that Plaintiff was a suspect in a shoplifting event that occurred while the officer already was present at the store for another shoplifting incident.[52] Plaintiff alleges Defendant Simmers aided and abetted in the fabrication of the sales receipt showing the total cost of items allegedly stolen.[53] Plaintiff further alleges Defendant Simmers did not perform constitutional identification procedures

---

[48] Docket 11-1 at 19.
[49] Docket 11-1 at 19.
[50] *Miller v. Pate*, 386 U.S. 1, 7 (1967).
[51] Docket 11-1 at 20.
[52] Docket 11-1 at 20.
[53] Docket 11-1 at 20.

when Defendant Simmers relied on surveillance footage, eyewitness identification, and a connection made by a transaction at the liquor department of the store.[54]

In support of his First Amended Complaint, Plaintiff encloses multiple exhibits, including: (1) an affidavit by Defendant Simmers in Case No. 3PA-20-02790; (2) a receipt from Three Bears Alaska in Palmer, Alaska; (3) a transcript of Grand Jury proceedings in Case No. 3PA-20-02790; and (4) an affidavit from Defendant Gilmour dated December 17, 2020.

Plaintiff does not include a request for relief in his First Amended Complaint.[55] Plaintiff's request for relief is found at the close of his exhibits, and the Court will liberally construe it as part of the First Amended Complaint.[56] Plaintiff requests $720,000.00 in damages.[57]

The Court takes judicial notice of the state court criminal proceedings addressed in the First Amended Complaint.[58] *State of Alaska v. Daniel Josef McDermott*, Case No. 3AN-20-09753CR is closed, with all five charges dismissed pursuant to a plea agreement lodged in *State of Alaska v. Daniel Josef McDermott*, Case No. 3AN-20-10126CR.[59] *State of Alaska v. Daniel Josef McDermott*, Case

---

[54] Docket 11-1 at 20.
[55] *See* Docket 11-1.
[56] Docket 11-8 at 8.
[57] Docket 11-8 at 8.
[58] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.
[59] *State of Alaska v. Daniel Josef McDermott*, Case No. 3AN-20-09753CR, *see* Party Charge Disposition and Docket Information dated 01/06/2022.

No. 3AN-20-10126CR resulted in guilty convictions after guilty pleas on three Class A misdemeanors of Theft in the Third Degree, Criminal Trespass in the First Degree, and Driving with a License Cancelled, Revoked, or Suspended for Criminal Offenses.[60] A restitution hearing is scheduled for July 7, 2022.[61] *State of Alaska v. Daniel Josef McDermott*, Case No. 3PA-20-02790CR, two counts of Class C Felony theft and two misdemeanor charges of trespass, remains ongoing with a scheduled trial week of August 29, 2022.[62] Mr. McDermott has been released on bail.[63]

## II.    Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief" and "a demand for relief sought."[64] Rule 8 also requires that "each allegation must be simple, concise, and direct."[65] A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging had occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. Factual allegations may not be speculative but must plead

---

[60] *State of Alaska v. Daniel Josef McDermott*, Case No. 3AN-20-10126CR, *see* Party Charge Disposition.

[61] *Id.*, see Events 07/07/2022 "Restitution Hearing."

[62] *State of Alaska v. Daniel Josef McDermott*, Case No. 3PA-20-02790CR, Party Charge Information.

[63] *Id.*, *see* Docket Information entries dated 06/06/2022.

[64] Fed. R. Civ. P. 8(a).

[65] Fed. R. Civ. P. 8(d).

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[66] While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[67] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[68] A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

In order to sufficiently plead a claim, Plaintiff needed to explain sufficient factual details to support the harm and legal violations alleged. Plaintiff has not pleaded sufficient plausible facts that, if proven true, would fulfill required elements of each legal claim as further explained below.

## III.  42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[69]

### a.  42 U.S.C. § 1983 requires a defendant to be a state actor

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law."[70] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only

---

[66] *Iqbal*, 556 U.S. at 678.
[67] *Id.*
[68] *Id.* (internal citations and quotations omitted).
[69] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[70] *West v. Atkins*, 487 U.S. 42, 49 (1988).

because the wrongdoer is clothed with the authority of state law.'"[71]   Law enforcement officers are persons for the purposes of § 1983.[72]  Plaintiff has fulfilled this required element.

### b.    A state actor must violate a pre-existing federal constitutional or statutory right

42 U.S.C. § 1983 does not confer federal constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[73]  Constitutional rights are those conferred by the U.S. Constitution to individual citizens.  Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[74]  Section 1983 does not provide a mechanism for remedying alleged violations of state law.[75]

### i.    Implications of a related state court criminal case

When a plaintiff alleges civil rights claims that are related to a state court criminal action, two important doctrines are implicated:  (1) abstention under *Younger v. Harris*,[76] and (2) dismissal without prejudice under *Heck v. Humphrey*.[77]

---

[71] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[72] *See generally Rice v. Morehouse*, 989 F.3d 1112 (9th Cir. 2021).
[73] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).
[74] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).
[75] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).
[76] *Younger v. Harris*, 401 U.S. 37 (1971).
[77] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

(A)    _Younger_ abstention

The _Younger_ abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[78]   The core of _Younger_ abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[79]

A federal court "must abstain under _Younger_ if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, _i.e._, would interfere with the state proceeding in a way that _Younger_ disapproves."[80]   A state proceeding is ongoing for the purposes of _Younger_ until the state appellate review process is complete.[81]

The Court must abstain as to the allegations made in Claims 8 and 9, which allege that Defendants Hegg and Simmers, as Alaska State Troopers, committed libel, slander, and assault when testifying before a grand jury that resulted in

---

[78] _Younger v. Harris_, 401 U.S. 37 (1971).
[79] _Younger_, 401 U.S. at 54.
[80] _San Jose Silicon Valley Chamber of Commerce v. City of San Jose_, 546 F.3d 1087, 1092 (9th Cir. 2008); _see also Washington v. Los Angeles Cty. Sheriff's Dep't,_ 833 F.3d 1048 (9th Cir. 2016).
[81] _Gilbertson v. Albright,_ 381 F.3d 965, 969 n.4 (9th Cir. 2004).

charges being brought in *State of Alaska v. Daniel Josef McDermott*, Case No. 3PA-20-02790CR. This proceeding is ongoing and the State of Alaska has an important state interest in enforcing its laws. Furthermore, Plaintiff has a forum in Alaska Superior Court to litigate any federal constitutional issues. Though, Plaintiff pleads Claims 8 and 9 as torts, the practical intent of his pleadings serves to undermine sworn testimony before a grand jury that issued criminal charges against him and create interference, or practically enjoin, his ongoing state matter. Accordingly, if this Court were to exercise jurisdiction over these claims—or likely any other allegations related to Case No. 3PA-20-02790CR, it would have to abstain.

(B)     *Heck v. Humphrey* bar

If Plaintiff's state court criminal actions have resulted in a conviction and sentence, the Court may not be able to hear the claim at all. A prisoner, or convicted person, may not bring a civil rights claim under 42 U.S.C. § 1983 that collaterally attacks his state court conviction. In *Heck v. Humphrey*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not*

cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . .[82]

Under this doctrine, when a plaintiff convicted of a state law crime seeks relief in a § 1983 suit, the federal district court must evaluate whether a judgment in the plaintiff's favor in the § 1983 suit would undermine the validity of the state court conviction.[83]   In practical application, *Heck* "bars a plaintiff's action if it would negate an element of the offense . . . or allege facts inconsistent with the plaintiff's conviction[.]"[84]  This rule applies regardless of whether the prisoner seeks damages or injunctive relief or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[85]

The *Heck* bar requires a criminal judgement or conviction and the absence of which renders *Heck* inapplicable.[86]  This means if the state court criminal actions resolve in a manner that is not a conviction, such as a dismissal, *Heck* is not implicated because there is no underlying conviction.[87]   Accordingly, the Court cannot hear claims related to *State of Alaska v. Daniel Josef McDermott*, 3AN-20-10126CR, because his conviction has not been reversed, expunged, declared

---

[82] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).
[83] *Lemos v. Cty. of Sonoma*, 5 F.4th 979, 983 (9th Cir. 2021).
[84] *Sanders v. City of Pittsburg*, 14 F.4th 968, 970–71 (9th Cir. 2021) (relying on *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) and *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1046 (9th Cir. 2012).
[85] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).
[86] *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1198 (9th Cir. 2020).
[87] *Id.*

invalid, or called into question by a writ of habeas corpus. However, because *State of Alaska v. Daniel Josef McDermott*, 3AN-20-09753CR resulted in a dismissal, the Court may be able to hear claims related to that case.

### ii.    Fourth Amendment

Plaintiff alleges that Defendants and other law enforcement officers conducted illegal searches and seizures. In order to properly plead either of those claims, Plaintiff must allege sufficient plausible facts that if proven true would fulfill the required elements of the claim.

### (A)    Fourth Amendment—search

The Fourth Amendment of the U.S. Constitution guarantees individuals the right to be free from unreasonable searches of their home and personal property.[88] A search occurs "if the Government [or State] obtains information by physically intruding on persons, houses, papers, or effects."[89] A plaintiff must plead the following elements to plead a search claim: (1) a state actor defendant searched plaintiff's [person] [home] [property]; (2) that defendant acted intentionally; and (3) the search was unreasonable.[90] When determining whether a search is reasonable, all of the circumstances are considered including, (1) the scope of the intrusion; (2) the manner in which the search occurred; (3) the justification for initiating the search; and (4) the place the search was conducted.[91]

---

[88] U.S. CONST. amend. IV.
[89] *United States v. Thomas*, 726 F.3d 1086, 1092–93 (9th Cir. 2013).
[90] *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc).
[91] *Bell* at 559; *see also Byrd* at 1141.

The Court notes as to Plaintiff's allegations regarding his cell phone, the United States Supreme Court has held that the phone itself may be searched incident to an arrest to ensure it does not contain any weapons, but officers generally must secure a search warrant before conducting a search of the data stored on the cell phone.[92]

### (B) Fourth Amendment—judicial deception

The Fourth Amendment of the U.S. Constitution guarantees a person to be free from an unreasonable search.[93] A search warrant is a written order signed by a judge that permits a law enforcement officer to search a particular location and seize specific items.[94] To obtain a search warrant, a law enforcement officer must show probable cause that a crime has been committed and that items related to that crime are likely to be found in the place specified in the warrant.[95] In deciding whether to issue a search warrant, a judge generally relies on the facts stated in a warrant affidavit signed by a law enforcement officer.[96] A plaintiff must plead the following elements to plead a judicial deception claim: (1) the defendant submitted to a judge an warrant affidavit that contained one or more misrepresentations or omissions materials to the finding of probable cause; and (2) the defendant made those misrepresentations or omissions intentionally or with reckless disregard for

---

[92] *Riley v. California*, 134 S. Ct. 2473, 2493 (2014).
[93] U.S. CONST. amend. IV.
[94] BLACK'S LAW DICTIONARY, (11th ed. 2019) ("search warrant").
[95] *Supra* note 93.
[96] BLACK'S LAW DICTIONARY, (11th ed. 2019) ("search warrant affidavit").

the truth.[97]  To show materiality, a plaintiff must demonstrate that the judge would not have issued the warrant if the false information had been excluded, or if the omitted information had been included.[98]

### (C)    Fourth Amendment—seizure

The Fourth Amendment of the U.S. Constitution guarantees individuals the right to be free from unreasonable seizure of their personal property.[99]  "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."[100]  A plaintiff must plead the following elements to sufficiently plead a property seizure claim:  (1) a state actor defendant seized plaintiff's property; (2) that defendant acted intentionally; and (3) the seizure was unreasonable.  Plaintiff must plead sufficient facts that address each of these elements by explaining when the defendants seized his property, the defendant's frame of mind (did they act intentionally), and why that defendant's actions were unreasonable.

Plaintiff alleges the seizure of the red Ford Focus was unreasonable and constituted a "pretextual impoundment" as described by the Tenth Circuit.[101]  The current Ninth Circuit authority holds that "police may, without a warrant, impound and search a motor vehicle so long as they do so in conformance with the

---

[97] *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083-88 (9th Cir. 2011).
[98] *See Smith v. Almada*, 640 F.3d 931, 937–38 (9th Cir. 2011).
[99] U.S. CONST. amend. IV.
[100] *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027, 1030–33 (9th Cir. 2012) (recognizing homeless person's possessory interest in property left temporarily unattended, even if person was in violation of city ordinance).
[101] Docket 11-1 at 9 (citing *United States v. Woodard*, 5 F.4th 1148 (10th Cir. 2021)).

standardized procedures of the local police department and in furtherance of a community caretaking purpose, such as promoting public safety or the efficient flow of traffic."[102]  A plaintiff must plead the following elements:  (1) the officers did not have a warrant at the time of the search, (2) the officers impounded the vehicle, (3) the officers searched the vehicle on the basis of something other than a community caretaking function, and (4) the officers were not conforming to standardized police procedures.[103]  The "mere presence of a criminal investigatory motive or a dual motive—one valid, and one impermissible—does not render an administrative stop or search invalid."[104]

The Court also notes as to Plaintiff's claims that officers unlawfully seized the personal property on Plaintiff's person after arriving at the Anchorage Correctional Complex that law enforcement may search a person or seize their property as part of the booking process.[105]

The Court notes that if Plaintiff is challenging a warrant, Plaintiff "must show that the affiant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause."[106]  Furthermore, the Court notes as to Plaintiff's challenge against the execution of the warrant that officers did not

---

[102] *United States v. Johnson*, 889 F.3d 1120, 1125 (9th Cir. 2018) (citing *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016)).
[103] *United States v. Johnson*, 889 F.3d 1120, 1126 (9th Cir. 2018).
[104] *United States v. Johnson*, 889 F.3d 1120, 1126 (9th Cir. 2018) (internal citations omitted); *see also Rose v. Loos*, 130 F. App'x 78, at *1 (9th Cir. 2005) (application of general inventory rule to 42 U.S.C. §1983 claim).
[105] *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 339 (2012); *see also United States v. Edwards*, 415 U.S. 800, 808 (1974).
[106] *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014).

immediately take Plaintiff to jail that Alaska Rule of Criminal Procedure 4(b)(1) provides that officers only must bring the defendant before an available judicial officer without unnecessary delay.[107]

### iii. Fifth and Sixth Amendment right to counsel

Plaintiff alleges law enforcement violated his right to counsel by transporting Plaintiff to the Trooper post after his arrest and subjecting him to interrogation. The Fifth Amendment prohibition on self-incrimination requires that an accused be informed of his right to have counsel present during a custodial interrogation. Plaintiff concedes that officers ceased their attempts at interrogation once Plaintiff invoked his *Miranda* rights.[108]

In order to properly plead a Fifth Amendment right to counsel claim, a plaintiff would need to allege sufficient plausible facts that if proven true would show, (1) plaintiff was in custody; (2) subject to interrogation; and either (3) questioned without notice of his right to have counsel present during questioning; or (4) plaintiff invoked his right to counsel, but the questioning continued.[109]

The Sixth Amendment right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge,

---

[107] Fed. R. Crim. P. 5(a)(1).
[108] Docket 11-1 at 8.
[109] *See Rodriquez v. McDonald*, 872 F.3d 908, 920–22 (2017); see generally Tobias v. Arteaga, 996 F.3d 571 (9th Cir. 2021).

preliminary hearing, indictment, information, or arraignment."[110]  Actual injury is required to state a Sixth Amendment claim.[111]

iv.        Fourteenth Amendment due process

Plaintiff alleges that law enforcement violated Plaintiff's due process rights by conducting unconstitutional identification procedures.  In order to properly plead this claim, Plaintiff must allege sufficient plausible facts that if proven true would fulfill the required factors of the claim.

Where a defendant makes a due process claim regarding a pretrial, suggestive, and unnecessary identification, the identification is not automatically excluded from evidence.[112]   The Court must analyze the totality of the circumstances in determine whether the identification is reliable.[113]  The factors to analyze to determine reliability include:  (1) the opportunity of the witness to view the defendant; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the witness' level of certainty with his identification; and (5) the time between the crime and the identification.[114]

v.         Libel or slander

Though the Court already has addressed its need to abstain from Claims 8 and 9, the Court provides the following guidance as to Plaintiff's claims of libel and

---

[110] *McNeil v. Wisconsin*, 501 U.S. 171, 75 (1991); *see also Kirby v. Illinois*, 406 U.S. 682 (1972).
[111] *Clark v. County of Tulare*, 755 F. Supp. 2d 1075, 1089 (E.D. Cal. 2010).
[112] *See Manson v. Brathwaite*, 432 U.S. 98 (1977).
[113] *Manson*, 432 U.S. at 113.
[114] *Manson*, 432 U.S. at 114.

slander.  Plaintiff alleges that law enforcement officers committed libel and slander by identifying Plaintiff as a suspect to grocery store employees when investigating the crimes committed and in drafting police reports.[115]  Libel and slander are two types of defamation.  Defamatory statements that impose a stigma to reputation are insufficient to invoke procedural due process.[116]  Alleged claims of defamation under § 1983 must be accompanied by some deprivation of a federally protected liberty or property interest.[117]  Furthermore, the Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States."[118]  Therefore, to succeed on a *prima facie* case of defamation in a § 1983 suit, Plaintiff must show that (1) the state actors made defamatory statements that imposed a stigma on the plaintiff and (2) the stigma resulted in a deprivation of a recognizable liberty or property interest.[119]

## INSTRUCTIONS FOR AMENDMENT

Plaintiff will be required to use the following format for his amended complaint.  For each claim against each defendant, Plaintiff must state the following (organized by each defendant):  (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of her constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment

---

[115] *United States v. Johnson*, 889 F.3d 1120, 1126 (9th Cir. 2018).
[116] *Paul v. Davis*, 424 U.S. 693, 708 (1976); *see also Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 971 (9th Cir. 2010).
[117] *Paul v. Davis*, 424 U.S. 693, 712 (1976).
[118] *Paul v. Davis*, 424 U.S. 693, 701 (1976).
[119] *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 971 (9th Cir. 2010).

or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

Plaintiff may not bring claims that implicate any case where he has been convicted or found guilty, or any claims that implicate any open state case.[120]  If Plaintiff's amendment does not comply with Rule 8 or this Order, this case may be dismissed without further notice.[121]  If Plaintiff fails to file anything further, his Complaint will be dismissed with prejudice (meaning it cannot be brought again), pursuant to Federal Rule of Civil Procedure 41(b).

## CONCLUSION

Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 but fails to state a claim upon which relief may be granted.   Furthermore, Plaintiff's First Amended Complaint includes claims that implicate the *Heck* bar or *Younger* abstention. Accordingly, the Court dismisses the First Amended Complaint, and grants leave to amend, but only as described below.

**IT IS THEREFORE ORDERED:**

---

[120] *Supra see* Discussion Section III.b.i.
[121] *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013).

1. The First Amended Complaint at Docket 11 is **DISMISSED**. The Court grants leave to amend as to the various claims regarding 3AN-20-09753CR. Any claims related to 3AN-20-10126CR are barred by *Heck v. Humphrey* and must be dismissed without prejudice. The Court must abstain from exercising jurisdiction over any claims related to 3PA-20-02790CR, thusly Claims 8 and 9 are dismissed without prejudice.

2. The Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 11-3 is **GRANTED**. If Plaintiff's claims should pass out of screening, the Court shall issue a separate order regarding the collection of the filing fee. The Court reminds Plaintiff that the Court may only waive prepayment of the fee, not the fee itself.[122] Therefore, Plaintiff would be financially liable for the incremental payment of the $402.00 filing fee.

3. Plaintiff's Motion Asking This Court to Serve Each Defendant a Summons and Complaint at Docket 13 is **DENIED WITHOUT PREJUDICE** as being procedurally deficient. Should Plaintiff's Second Amended Complaint pass screening, the Court will issue a separate order with instructions on proper service of any defendants.

4. Plaintiff has until **July 25, 2022** to file one of the following:

   a. <u>Amended Complaint</u>, in which Plaintiff would resubmit his claims to the Court after correcting the deficiencies in accordance with this

---

[122] 28 U.S.C. § 1915(b).

order.  An amended complaint would replace the current complaint in its entirety.[123]

       b.    <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and would dismiss the entire action.

5.    Any amended complaint should be on this Court's form, which is being provided to Plaintiff with this Order.  As discussed above, an amended complaint will replace the prior complaint in its entirety.[124]

6.    If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **July 25, 2022,** this case will be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).  This dismissal will count as a "strike" against Plaintiff under § 1915(g).[125]

7.    At all times, Plaintiff must keep the Court informed of any change of address.  Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS."  This notice must not include any requests for any relief, and it must be served on any Defendant's attorney who makes an appearance in this case.

---

[123] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[124] *See* Local Civil Rule 15.1.

[125] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

8.    The Clerk of Court is directed to send Plaintiff the following forms with this Order:  (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 24th day of June, 2022 at Anchorage, Alaska.


                                        _/s/ Scott A. Oravec_____
                                        SCOTT A. ORAVEC
                                        United States Magistrate Judge


## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court.  For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[126] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[127]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[128] Objections and responses are limited to five (5) pages in length

---

[126] 28 U.S.C. § 636(b)(1)(B).
[127] 28 U.S.C. § 636(b)(1)(C).
[128] *Id.*

Case No. 3:21-cv-00274-SLG-SAO, *McDermott v. Hayes, et al.*
Screening Order
Page 27 of 28
Case 3:21-cv-00274-SLG-SAO   Document 15   Filed 06/24/22   Page 27 of 28

and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[129]

---

[129] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).